# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

<u>CIVIL MINUTES -- GENERAL</u> - (AMENDED)

Case No.  EDCV 10-00970 VAP(OPx)                    Date:  January 21, 2011

Title:     TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, ET
           AL. -v- MUNSON PLUMBING, INC., A CALIFORNIA CORPORATION
===============================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

|  |  |
|---|---|
| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR                ATTORNEYS PRESENT FOR
PLAINTIFFS:                          DEFENDANTS:

       None                                 None

PROCEEDINGS:       MINUTE ORDER GRANTING PLAINTIFFS' MOTION FOR
                   DEFAULT JUDGMENT (IN CHAMBERS)

    The Court has received and considered all papers filed in support of the
motion for entry of default judgment ("Motion") submitted by Plaintiffs Trustees of the
Operating Engineers Pension Trust, Trustees of the Operating Engineers Health
and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings
Trust, and Trustees of the Operating Engineers Training Trust (collectively,
"Plaintiffs") against Defendant Munson Plumbing, Inc. ("Defendant"), filed on
October 25, 2010.  For the reasons set forth below, the Court GRANTS the Motion.

EDCV 10-00970 VAP (OPx)
TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, et al. v. MUNSON PLUMBING, INC.
MINUTE ORDER of January 21, 2011

# I. BACKGROUND

## A.    Plaintiffs' Factual Allegations

Between October 2009 and June 2010, Defendant failed to pay Plaintiffs agreed-upon fringe benefit contributions in the amount of $15,562.38.  (See Mot. at 2; Supp. Br. at 2.[1])  Defendant's failure to pay these contributions constitutes a violation of section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1145.  (See Compl. ¶¶ 27-31.)  Defendant's violation of ERISA entitles them to: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages not higher than 20% (or a higher percentage as permitted by law) of the unpaid contributions; and (4) reasonable attorneys' fees and costs.  (See Compl. ¶ 32; 29 U.S.C. § 1132(g)(2).)

## B.    Procedural History

Plaintiffs filed their complaint ("Complaint") against Defendant on July 1, 2010, asserting claims for (1) breach of the written collective bargaining agreement and related trust agreements, and (2) violation of Section 515 of ERISA, 29 U.S.C. § 1145.  (Doc. No. 1.)  Plaintiffs served Defendant with the summons and Complaint on July 28, 2010, but Defendant failed to answer.  (Doc. No. 5.)  Plaintiffs accordingly requested entry of default against Defendant on August 20, 2010, which the Clerk of the Court entered on September 28, 2010.  (Doc. Nos. 7-8.)

On October 25, 2010, Plaintiffs filed (1) the Motion, (2) a memorandum of points and authorities in support of the motion ("Mem. P. & A."), (3) the declaration of Matthew T. Bechtel ("Bechtel Decl."), (4) the declaration of Angelo Nicodemo ("Nicodemo Decl."), and (5) the declaration of Bernardo Ramos ("Ramos Decl."). (Doc. Nos. 9-12.)

---

[1] As noted in the Procedural History, Plaintiffs submitted a supplemental brief ("Supplemental Brief") at the request of the Court on December 9, 2010, updating a number of its requests.

MINUTES FORM 11                                    Initials of Deputy Clerk: jh-relief
CIVIL -- GEN                          Page 2

EDCV 10-00970 VAP (OPx)
TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, et al. v. MUNSON PLUMBING, INC.
MINUTE ORDER of January 21, 2011

On December 2, 2010, the Court ordered Plaintiffs to file supplemental briefing by December 9, 2010, recalculating a number of their requests.  (Doc. No. 14.)  On December 9, 2010, Plaintiffs submitted a supplemental brief in support of their Motion ("Supplemental Brief"), including an additional declaration from Matthew T. Bechtel ("Supplemental Bechtel Decl.").  (Doc. No. 15.)

## II.  LEGAL STANDARDS

### A.   Requirements of Local Rule 55-1

Local Rule 55-1 provides that an application for default judgment must be accompanied by a declaration in compliance with Federal Rule of Civil Procedure 55(b) setting forth: (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party if required by Federal Rule of Civil Procedure 55(b)(2).

Plaintiffs have satisfied the requirements of Local Rule 55-1.  (See Mot. at 2; Bechtel Decl. ¶¶ 7-10.)

### B.   Default Judgment

"Even if entry of default has been made by the court clerk, granting a default judgment is not automatic; rather, it is left to the sound discretion of the court." PepsiCo v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999) (citing Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980)); Laborers Health and Welfare Trust Fund for N. Cal. v. Demas Constr., Inc., No. C-96-3132 DLJ, 1997 WL 227976, at *1 (N.D. Cal. Mar. 14, 1997) (citing Draper v. Coombs, 792 F.2d 915 (9th Cir. 1986)); see Ioane v. Alter, No. CIV. 96-20629 SW, 1997 WL 767526, at *3 (N.D. Cal. Nov. 21, 1997) (citing Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988)).

EDCV 10-00970 VAP (OPx)
TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, et al. v. MUNSON PLUMBING, INC.
MINUTE ORDER of January 21, 2011

     In exercising its discretion to grant or deny an application for default judgment, the Court considers the following factors: (1) the possibility of prejudice to plaintiff if relief is denied; (2) the sufficiency of the complaint; (3) the substantive merits of the plaintiff's claim; (4) the amount of money at stake; (5) the possibility of a dispute as to material facts; (6) whether the default was the result of excusable neglect; and (7) the strong policy of the Federal Rules that favors decisions on the merits (collectively, "Eitel factors").  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  In a default judgment, "well-pleaded factual allegations" are accepted as true.  DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007); see Fed. R. Civ. P. 8(b)(6).

### III.  DISCUSSION

     Pursuant to Federal Rule of Civil Procedure 8(b)(6), the Court accepts as true the allegations in the unanswered Complaint and statements in the declarations made in support of the Motion.  The Ramos Declaration includes the following four exhibits demonstrating Defendant agreed to be bound under the terms of the collective bargaining agreement: (1) a February 27, 2008, letter signed by Munson Plumbing President Robert Munson stating, "Munson Plumbing, Inc. agrees to be party to and bound by the Los Angeles Community College District Project Labor Agreement" (Ramos Decl., Ex. A.); (2) the Los Angeles Community College District Project ("LACCD") Labor Agreement (id., Ex. B.); (3) the Master Labor Agreement ("Master Agreement") between the International Union of Operating Engineers–Local Union No. 12, and the Southern California Contractors Association, Inc. (id., Ex. C.); and (4) the Trust Agreements (id., Ex. D.).

     The Ramos Declaration also includes copies of Defendant's monthly reports for work performed by its employees pursuant to the Master Agreement between October 2009 and May 2010, and copies of check stubs from Defendant's employee Luis Caraveo ("Caraveo") who worked on the LACCD Project.  (See id., Exs. E-F.)  Finally, the Ramos Declaration includes a table listing the amount of unpaid monthly fringe benefit contributions and pre-judgment interest allegedly owed by Defendant.  (See id., Ex. G.)  An updated version of this table is included in the Supplemental Brief.  (See Supp. Bechtel Decl., Ex. A.)

MINUTES FORM 11
CIVIL -- GEN                             Page 4

EDCV 10-00970 VAP (OPx)
TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, et al. v. MUNSON PLUMBING, INC.
MINUTE ORDER of January 21, 2011

## A.      Plaintiffs Have Established They Are Entitled to Entry of Default Judgment

Applying the <u>Eitel</u> factors here, the Court finds Plaintiffs are entitled to entry of default judgment.  First, Plaintiffs have incurred expenses in pursuit of this claim and no other enforceable form of relief against Defendant exists, so Plaintiffs would suffer prejudice if a default judgment were not entered.  Second, Plaintiffs submitted a well-pleaded Complaint pursuant to Local Rule 55-1.

Third, the unopposed evidence submitted with the Motion sufficiently supports Plaintiffs' substantive claims.  In support of their breach of contract claim, Plaintiffs submitted documentation that sufficiently alleges Defendant agreed to pay monthly fringe benefit contributions for its employee and failed to submit the contributions between October 2009 and April 2010.  (<u>See</u> Compl. ¶¶ 8-25; Ramos Decl. ¶¶ 7-14; Supp. Br. at 2.)  Plaintiffs also submitted documentation that sufficiently alleges Defendant's underreporting of Caraveo's hours for the months of May and June 2010.  (<u>See</u> Ramos Decl. ¶ 15; Ramos Decl., Ex. F.)

Plaintiffs also sufficiently allege that Defendant's breach of contract constitutes a violation of section 515 of ERISA, which requires employers to make contributions to employee benefit plans in accordance with the terms of collectively bargained agreements.  (<u>See</u> Mem. P. & A. at 2; 29 U.S.C. § 1145.)

Fourth, the amount of damages requested by Plaintiffs is reasonable as it relates to the seriousness of Defendant's conduct.  See <u>PepsiCo</u>, 238 F. Supp. 2d at 1177.  Plaintiffs request an award of damages consisting of unpaid contributions, pre-judgment interest, and liquidated damages, as provided for by ERISA.  In addition, they request attorneys' fees, litigation costs, and post-judgment interest. Each of the requested amounts directly relates to Defendant's alleged breach of contract and violation of ERISA.

Fifth, a dispute as to material facts is unlikely because the evidence submitted by Plaintiffs shows Defendant breached its contract with Plaintiffs and violated section 515 of ERISA, 29 U.S.C. § 1145.  Sixth, Defendant's failure to either answer the Complaint or oppose this Motion does not appear to be excusable.  No evidence

EDCV 10-00970 VAP (OPx)
TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, et al. v. MUNSON PLUMBING, INC.
MINUTE ORDER of January 21, 2011

exists as to whether Defendant offered a reasonable excuse for its non-response or made any effort to cure its default.  Seventh, in light of the above considerations, the policy of the Federal Rules that favors decisions on the merits does not weigh against entry of default judgment.

## B.   Amount of Damages

Plaintiffs request (1) $15,562.38 in unpaid fringe benefit contributions, (2) $1,556.24 in liquidated damages, (3) $511.76 in pre-judgment interest, (4) $5,252.00 in attorneys' fees, (5) $854.60 in costs, and (6) post-judgment interest as provided by law.  (See Supp. Br. at 2-3; Mot. at 2.)

The Master Agreement allows Plaintiffs to recover delinquent contributions, liquidated damages, and litigation expenses from Defendant.  It specifies liquidated damages to be calculated at an amount equal to the greater of: (1) $25.00 or (2) 10% of the total sum of the delinquent contributions.  (See Mem. P. & A. at 3; Ramos Decl. ¶ 12; Ramos Decl., Ex. C, Art. XVIII, § H.)

Furthermore, in cases involving ERISA violations, 29 U.S.C. § 1132(g)(2) mandates payment of (1) unpaid contributions, (2) interest on the unpaid contributions, (3) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in an amount not in excess of 20% (or a higher percentage as permitted by law) of the unpaid contributions, and (4) reasonable attorneys' fees and costs.  A mandatory award under § 1132(g)(2) applies when (1) the court rules against the employer, (2) unpaid contributions exist at the time of suit, and (3) the agreement between the parties provides for such an award.  Nw. Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d 253, 257 (9th Cir. 1996).

### 1.   Unpaid Contributions

Plaintiffs request $15,562.38 in unpaid contributions for the nine-month period between October 2009 and June 2010.  (See Supp. Br. at 2; Ramos Decl., Ex. E.) Plaintiffs have submitted evidence demonstrating Defendant's failure to make monthly payments ranging from $692.80 to $3,225.85 between October 2009 and June 2010.  (See Ramos Decl., Ex. E.)  The Court finds that $15,562.38 represents

MINUTES FORM 11                                  Initials of Deputy Clerk: jh-relief
CIVIL -- GEN                      Page 6

EDCV 10-00970 VAP (OPx)
TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, et al. v. MUNSON PLUMBING, INC.
MINUTE ORDER of January 21, 2011

the sum of unpaid monthly contributions during the period of Defendant's alleged delinquency.  (Ramos Decl., Ex. E.)  Thus, Plaintiffs are entitled to unpaid contributions and the Court AWARDS Plaintiffs $15,562.38 in unpaid contributions.

## 2.    Pre-judgment Interest

Plaintiffs request $511.76 in pre-judgment interest for the period between October 2009 and June 2010.  (Supp. Br. at 7.)  Plaintiffs have calculated the pre-judgment interest by compounding the interest daily, citing 26 U.S.C. § 6622(a) as their authority for doing so.  (See Mem. P. & A. at 4-5; Supp. Br. at 2-5.)  In a prior case brought by Plaintiffs in this Court to secure a default judgment against a delinquent employer, Plaintiffs provided supplemental briefing at the request of the Court on how pre-judgment interest should be calculated.  (See Trs. of the Operating Eng'rs Pension Trust, et al. v. Calco Equip. & Constr., Inc., No. EDCV09-0704(VAP) (C.D. Cal. Jul. 20, 2010).)  After considering Plaintiffs' arguments, this Court concluded in its July 20, 2010, Order that calculation of simple interest rather than daily compounded interest was appropriate.  (Id., Doc. No. 41.)

Here, Plaintiffs argue in their Supplemental Brief that the Court should reconsider its earlier decision and allow pre-judgment interest to be compounded daily as directed in 26 U.S.C. § 6622.  Section 6622 of Title 26 provides that "[i]n computing the amount of any interest required to be paid under this title . . . such interest and such amount shall be compounded daily."  The clear language of this statute thus supports Plaintiffs' position.  Additionally, Plaintiffs cite to another ERISA § 1132(g) case from this district that explicitly states pre-judgment interest shall be compounded daily under section 6622.  See Trs. of the S. Cal. IBEW-NECA Pension Plan, et al. v. Electro Dynamic Servs., No. CV07-5691(MMM) (C.D. Cal. Oct. 14, 2008).

Having considered Plaintiffs' arguments, the statutory language, and the persuasive authority, the Court agrees that the pre-judgment interest Plaintiffs are due should be compounded daily.  The Court thus AWARDS Plaintiffs $511.76 in pre-judgment interest.

EDCV 10-00970 VAP (OPx)
TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, et al. v. MUNSON PLUMBING, INC.
MINUTE ORDER of January 21, 2011

### 3.    Liquidated Damages

Plaintiffs request $1,556.24 in liquidated damages.  The Master Agreement provides for liquidated damages in an amount equal to the greater of (1) $25 or (2) 10% of unpaid contributions.  (See Mem. P. & A. at 5; Ramos Decl. ¶ 17, Ex. C, Art. XVIII, § H.)  ERISA provides for an amount equal to the greater of (1) interest on the unpaid contributions, or (2) liquidated damages, provided for under the plan in an amount not in excess of 20% of the unpaid contributions.  29 U.S.C. § 1132(g)(2)(C).

Here, the requested amount of $1,556.24 in liquidated damages represents 10% of the unpaid contributions owed to Plaintiffs.  (See Supp. Bechtel Decl. at 2.) This amount is greater than $25.00 and also greater than the pre-judgment interest. Plaintiffs thus are entitled to liquidated damages and the Court AWARDS Plaintiffs' liquidated damages in the amount of $1,556.24.

### 4.    Attorneys' Fees and Costs

Plaintiffs request an award of $5,252.00 in attorneys' fees calculated using the hybrid lodestar/multiplier method.  (See Supp. Br. at 5-7.)  The Ninth Circuit has adopted the hybrid lodestar/multiplier approach as the proper method for determining attorneys' fees in ERISA action.  Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424 (1983)).

The first step in this hybrid method of determining attorneys' fees is to determine the lodestar amount.  In order to determine the lodestar amount, a court must first multiply "the number of hours reasonably expended on the litigation by a reasonable hourly rate."  Van Gerwen, 214 F.3d at 1045.  The party seeking the fees must submit evidence supporting the hours worked and the rates claimed.  Id. Second, a court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar."[2]  Id.  The

---

[2] The eleven factors which may be used to adjust the lodestar are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney

EDCV 10-00970 VAP (OPx)
TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, et al. v. MUNSON PLUMBING, INC.
MINUTE ORDER of January 21, 2011

lodestar amount, however, is "presumptively the reasonable fee amount" and should be adjusted upward or downward only in rare cases.  Id.

Plaintiffs submitted extensive evidence with their Motion demonstrating the number of hours expended by their attorneys on this action and why those hours are reasonable.  (See Bechtel Decl. ¶¶ 2-3; Bechtel Decl., Ex. A.)  They also submitted evidence demonstrating the number and reasonableness of the hours spent working on the Supplemental Brief.  (See Supp. Bechtel Decl. ¶ 7; Supp. Bechtel Decl., Ex. C.)  Plaintiffs also submitted adequate evidence that their rates, of $195.00 to $280.00 per hour for lawyers and $95.00 per hour for paralegals, are reasonable. See Welch v. Metro. Life Ins. Co., 480 F.3d 942, 947 (9th Cir. 2007) (finding that ERISA lawyers' requested rates of $375 to $400 per hour were reasonable); see also Nicodemo Decl. ¶¶ 4-5 (declaring, based on his personal experience as an accountant who regularly works with lawyers providing similar services, that Plaintiffs' requested rates are reasonable).  Accordingly, the Court AWARDS Plaintiffs $5,252.00 in attorneys' fees.

Plaintiffs also request $854.60 in costs.  (See Mot. at 2.)  As a preliminary matter, 29 U.S.C. § 1132(g)(2)(D) instructs that in actions brought under 29 U.S.C. § 1145 "in which a judgment in favor of the plan is awarded, the court shall award . . . reasonable . . . costs of the action."  As the Court is awarding judgment in favor of Plaintiffs, they are entitled to costs of suit.  The Ninth Circuit, in Trustees of the Construction Industry & Laborers Health & Welfare Trust v. Redland Insurance Co., 460 F.3d 1253 (9th Cir. 2006), stated that if separate billing for expenses "is the prevailing practice in the local community," such charges "are recoverable as reasonable attorney's fees under [29 U.S.C. § 1132(g)(2)(D)]."  460 F.3d at 1257-59 (citation omitted).

_____

due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the undesirability of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases.  Van Gerwen, 214 F.3d at 1045 n.2.

EDCV 10-00970 VAP (OPx)
TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, et al. v. MUNSON PLUMBING, INC.
MINUTE ORDER of January 21, 2011

Here, Plaintiffs seek the following costs: $350.00 in filing fees, $428.00 in service of process fees, $68.75 in copying costs, $5.85 in legal research fees, and $2.00 for statutory fees associated with filing a stop notice.  (Bechtel Decl. ¶ 6.)  Pursuant to Local Rule 54-4, filing and service of process fees are taxable costs, provided the party seeking costs submits a bill of costs to the Clerk of Court.  Plaintiffs are directed to submit a bill of costs for their filing and service of process fees.  As to copying costs and legal research fees, Plaintiffs' counsel asserts that it is standard practice in the trust fund litigation community to bill separately for these itemized costs.  (See Nicodemo Decl. ¶ 6.)  As Plaintiffs have demonstrated that these costs are billed separately, the costs are recoverable under 1132(g)(2)(D).  See Redland Ins. Co., 460 F.3d at 1259; Harris v. Marhoefer, 24 F.3d 16, 19-20 (9th Cir. 1994); United Steelworkers of Am. v. Phelps Dodge Co., 896 F.2d 403, 407 (9th Cir. 1990).  Accordingly, the Court AWARDS Plaintiffs $76.60 for copying costs, legal research fees, and statutory fees.

### 5.    Post-judgment Interest

Plaintiffs request post-judgment interest from the date of entry of default judgment.  (See Mot. at 2.)  Under 28 U.S.C. § 1961(a), Plaintiffs are entitled to interest "at a rate equal to the weekly average 1-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  The post-judgment interest rate applies unless the parties have agreed contractually to waive its application.  Fidelity Fed. Bank, FSB v. Durga Ma Corp., 387 F.3d 1021, 1023 (9th Cir. 2004).  Plaintiffs have not pointed to any contractual language that could be read as a waiver of 28 U.S.C. § 1961.  Thus, the Court awards Plaintiffs post-judgment interest in accordance with 28 U.S.C. § 1961.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion.  The Court AWARDS Plaintiffs (1) $15,562.38 in unpaid contributions; (2) $1,556.24 in liquidated damages; (3) $5,252.00 in attorneys' fees; (4) $76.60 in costs; and (5) post-judgment interest as determined by 28 U.S.C. § 1961.

**IT IS SO ORDERED.**